IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Board of Trustees, Sheet Metal Workers'        )
National Pension Fund                          )
    *et al.*,                                     )
                                 )
                Plaintiffs,                )
    v.                                         )      Civil Action No. 1:13-cv-00838 (LO/TRJ)
                                 )
Designed Metal Installations, Inc.,            )
                                 )
              Defendant.              )
                                 )

## REPORT AND RECOMMENDATION

This case is before the court on plaintiffs' motion for default judgment (no. 8) against defendant Designed Metal Installations, Inc.  Process for defendant was served on defendant's registered agent by a private process server on July 18, 2013 (no. 4).  Defendant filed no answer or responsive pleading to the complaint.  The Clerk entered default on August 15, 2013 (no. 7).

### Jurisdiction and Venue

This court has federal question subject matter jurisdiction over this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"),as amended, (29 U.S.C. §§ 1132(e), 1132(f), and 1451(c)), Section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185), and 28 U.S.C. § 1331.

Venue is proper in this court under 29 U.S.C. §§ 1132(e)(2) and 1451(d) (ERISA §§ 502(e) and 4301(d)), as the Funds in question, are administered within the Eastern District of Virginia and the events giving rise to the cause of action occurred in this district.  The complaint alleges sufficient facts upon which the court has personal jurisdiction over defendant under Va.

Code § 8.01-328.1(A)(1).

### Standard

As defendant has not answered or otherwise responded in any manner to the complaint and the Clerk has entered default against it, it is appropriate for the court to enter default judgment against defendant. Default judgment is appropriate if the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and defendant has failed to plead or defend within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp.1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.

By defaulting, a defendant admits plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975)). *See also DIRECTV, Inc. v. Rawlins,* 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.,* 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in complaint); *Marion County Court v. Ridge,* 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts). Accordingly, defendant Designed Metal Installations, Inc. has admitted the well-pled allegations of fact contained in the complaint.

### Fact Summary

The well-pled allegations of the complaint and plaintiffs' memorandum in support of default judgment and the exhibits attached thereto establish the following facts:

Plaintiffs are composed of separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Energy Management Institute

2

Committee ("NEMI"), the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"),

and the Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund").

NPF, ITI, NEMI, SMOHIT and the Scholarship Fund are collectively referred to as Plaintiffs or

"Funds." Plaintiffs are "fiduciaries" with respect to the funds, as defined in Section 3(21)(A) of

ERISA , 29 U.S.C. § 1002(21)(A) and are jointly trusteed trust funds created and maintained

pursuant to 29 U.S.C. §186(c). Compl. pg. 2, ¶ 5. Also, the NPF, ITI, and Scholarship Fund are

"multiemployer plans" as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

At all relevant times to this action, defendant was an employer within the meaning of 29

U.S.C. § 152(2) and 29 U.S.C. § 1002(5) and was engaged in an industry affecting commerce

within the meaning of 29 U.S.C. §1002(11) and (12). Compl. ¶ 6. Until July 1, 2012, defendant

employed individuals who were represented by Sheet Metal Workers' International Association

Local Union No. 73 ("Local Union No. 73"), a labor organization. Compl. ¶ 9.

Defendant was a signatory to and bound by a collective bargaining agreement

("Agreement") with the Local Union No. 73 up until July 1, 2012.[1] Compl. ¶ 10. Under the

terms of the Agreement, defendant was obligated to contribute to the Funds on behalf of

defendant's covered employees employed in any jurisdiction of the Sheet Metal Workers'

International Association. Compl. ¶ 11. Moreover, defendant was to abide by the terms and

conditions of the Trust Agreements establishing the Funds, including any amendments thereto

("Trust Documents").[2] Compl. ¶ 12.

Pursuant to the Agreement, defendant was required to submit monthly reports and make

payments due to the Funds which were calculated based on remittance reports prepared monthly

by each contributing employer. Compl. ¶¶ 12-13. In these remittance reports, defendant was

---

[1] *See* Decl. of Walter Shaw (no. 10), Ex. 1 (Collective Bargaining Agreement Between Sheet Metal Workers'
International Association Local Union No. 73 and Designed Metal Installations, Inc.).
[2] *See* Decl. of Walter Shaw (no. 10), Ex. 2 (Sheet Metal Workers' National Pension Fund Trust Document).

required to report the amount of contributions due to the Funds on the basis of all hours worked by its covered employees. Compl. ¶ 15. Under the Agreement, the completed monthly remittance report and the accompanying payments were due to the Funds no later than the twentieth day after the end of each month for hours worked in that month and payment was delinquent if received thereafter. Compl. ¶ 16. Without these remittance reports, plaintiffs can neither determine the amount of the contribution that should be made to each Fund, nor determine the employees' eligibility for benefits. Compl. ¶ 17.

Defendant has failed to make its contributions totaling $4,979.20 for the months of October 2011 through May 2012 in contravention of the Agreement, the Trust Documents, and Section 515 of ERISA, 29 U.S.C. ¶ 1145. Compl. ¶ 20. More specifically, based on reports submitted by defendant to the Funds, defendant owes contributions in the amount of $3,734.40 for the months of October 2011 through March 2012. Compl. ¶ 18. Defendant failed to submit remittance reports to the Funds for the period April 2012 to May 2012. Compl. ¶ 19; Decl. of Walter Shaw (no. 10) ¶ 7. The Funds estimate that defendant owes contributions in the combined amount of $1,244.80 for the months of April 2012 and May 2012 based on previous reports.[3] *Id.*

**Discussion and Findings**

The magistrate judge finds that the well-pled facts of the complaint as well as plaintiff's memorandum in support of default judgment and exhibits attached thereto establish that defendant failed to make contributions to the Funds in accordance with the Agreement and in violation of Section 515 of ERISA, 29 U.S.C. §§ 1145, and therefore plaintiffs are entitled to a

---

[3] According to the Declaration of Walter Shaw, who is the Billing and Eligibility Manager of NPF, when contributing employers fail to submit monthly remittance reports, "the Funds calculate the estimated contributions due for the unreported month(s) based on the number of hours of covered work reported by the employer during the last month for which the employer reported to the Funds." Decl. of Walter Shaw (no. 10) ¶ 7.

4

default judgment.

The Employee Retirement Income Security Act of 1974 (ERISA) is a federal law that establishes minimum standards for pension plans and was enacted with the goal of protecting the interests of employee benefit plan participants.[4]  In order to effectuate this goal, Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers must comply with their obligations to make fund contributions required by collective bargaining agreements or multiemployer plans.  ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) specifies the relief available for a violation of Section 515, which includes unpaid contributions, interest on unpaid contributions and reasonable attorneys' fees and costs.

The magistrate judge finds that defendant was an employer within the meaning 29 U.S.C. § 152(2) and a signatory to the collective bargaining agreement with Local Union No. 73. Having reviewed the Agreement and Trust Documents, the magistrate judge finds that defendant was obligated to submit monthly remittance reports and make contributions to the Funds for the months of October 2011 through May 2012.[5]  Accordingly, the magistrate judge finds that because of defendant's breach of the Agreement and violation of ERISA, plaintiffs are entitled to recover the total amount of $12,341.66 from defendant for delinquent contributions, interest, liquidated damages, late fees, and reasonable attorney's fees and costs.  The assessment of these damages are set forth more fully below.

### *Contributions, Interests, and Liquidated Damages*

Pursuant to 29 U.S.C. §§1132 (g)(2) and 1145 and the terms of the Trust Documents, the magistrate judge finds that plaintiffs are entitled to $6,679.36 for delinquent contributions, interest, and liquidated damages.  The Declaration of Walter Shaw, the Billing and Eligibility

---

[4] Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001.
[5] Decl. of Walter Shaw (no. 10) Ex. 1 (Agreement) and Ex. 2 (Declaration of Trust and related Amendments).

5

Manager of NPF and the exhibit[6] attached thereto show that the delinquent contributions,

interest, and liquidated damages owed by defendant as to the individual plaintiffs are as follows:

| *Funds* | Contributions[7] | Interest[8] | Liquidated Damages[9] | *TOTAL* |
|---|---|---|---|---|
| NPF | $4,748.80 | $671.72 | $949.76 | *$6,370.28* |
| ITI | $153.60 | $21.74 | $30.72 | *$206.06* |
| NEMI | $38.40 | $5.44 | $7.68 | *$51.52* |
| SMOHIT | $25.60 | $3.61 | $5.12 | *$34.33* |
| Scholarship Fund | $12.80 | $1.81 | $2.56 | *$17.17* |
| *TOTAL* | *$4,979.20* | *$704.32* | *$995.84* | *$6,679.36* |

### Attorneys' Fees and Costs

The Agreement, the Trust Documents and 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)),

provide that an employer may be required to pay all reasonable attorneys' fees and costs

incurred. The magistrate judge finds that plaintiffs are entitled to reasonable attorneys' fees and

costs in the amount of $5,662.30 based on plaintiffs' counsel declaration and exhibit. Plaintiffs'

counsel, Elizabeth A. Coleman, avers under oath that the following is a true and accurate

representation of the attorney's fees and costs incurred in this proceeding[10]:

---

[6] Decl. of Walter Shaw (no. 10) Ex. 3.

[7] The amount of $4,979.20 for delinquent contributions was calculated for the period of October 2011 through May 2012, the period in which defendant failed to make contributions. *See* Compl. ¶¶ 18-19; Decl. of Walter Shaw (no. 10) ¶¶ 6-9. *See* Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2) (permitting relief for unpaid contributions).

[8] Pursuant to Article V Section 2 of the Trust Document, interest in the amount of $704.32 on delinquent contributions was calculated at the rate of .02333 percent per day, compounded daily, from the date due through September 24, 2013. *See* Decl. of Walter Shaw (no. 10) Ex. 2, pg. 19; Decl. of Walter Shaw (no. 10) ¶¶ 6-10 and Ex. 3. *See* Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2) (permitting relief for interest on unpaid contributions).

[9] Pursuant to Section 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2), liquidated damages in the amount of $995.84 were calculated based on 20% of the delinquent contributions that were unpaid as of the commencement of the litigation. *See* Decl. of Walter Shaw (no. 10) ¶ 12 and Ex. 3 n. 4.

[10] *See* "Matter Worked Detail Report", Decl. of Elizabeth A. Coleman (no. 11) Ex.1 (provides a detailed account of attorneys' fees and costs).

| Attorneys' Fees | | | |
|---|---|---|---|
| Service | Rate | Hours Spent | Costs |
| Counsel #1 | $270.00 | 8.4 | $2,268.00 |
| Legal Assistant #1 | $150.00 | 17.4 | $2,610.00 |
| Legal Assistant #2 | $165.00 | 0.1 | $16.50 |
| Total | | 25.90 | $4,894.50 |

| Costs | |
|---|---|
| Photocopying | $ .90 |
| Postage/Overnight Delivery | $ 31.14 |
| Asset Search | $ 36.57 |
| Court Fees | $ 400.00 |
| Courier | $63.12 |
| Process Server Fees | $234.00 |
| Telephone | $2.07 |
| Total | $767.80 |

The magistrate judge has examined the record and finds that the amount billed is reasonable compensation for work and costs necessarily expended to enforce plaintiffs' rights.

Upon review of the entire record, the magistrate judge finds that plaintiffs are entitled to default judgment and damages in accordance with the following:

| Total Amount Due | |
|---|---|
| Delinquent Contributions | $4,979.20 |
| Interest | $704.32 |
| Liquidated Damages | $995.84 |
| Attorneys' Fees | $4,894.50 |
| Costs | $767.80 |
| Total | $12,341.66 |

## Recommendation

The magistrate judge recommends that default judgment in the amount of $12,341.66 be entered against defendant Designed Metal Installations, Inc.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/

Thomas Rawles Jones, Jr.
United States Magistrate Judge

November 1, 2013

Alexandria, Virginia

8